THE STATE EX REL. CAPITOL MATERIALS COMPANY ET AL., APPELLANTS,
*v.* OHIO BUREAU OF WORKERS' COMPENSATION, APPELLEE.

[Cite as *State ex rel. Capitol Materials Co. v. Ohio Bur.
of Workers' Comp.* (1997), 78 Ohio St.3d 298.]

(No. 95–595—Submitted February 18, 1997—Decided April 23, 1997.)

*Pickrel, Schaeffer & Ebeling Co., L.P.A., David C. Korte* and *Mary M. Biagioli,* for appellants.

*Betty D. Montgomery,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for appellee.

*Per Curiam.* Ohio Adm.Code 4123–17–62(A) through (C) read:

"(A) An application for group experience rating shall be made on a form provided by the bureau and shall be completed in its entirety with all documentation attached as required by the bureau. The absence of pertinent information will result in the application being rejected. The application shall be signed by an officer of the organization to which the members of the group belong, *and each individual employer in the group shall be identified in the application and shall individually sign a form provided by the bureau indicating a desire to be a part of the group for rating purposes and an acknowledgement of the criteria and rules for group rating.* The bureau may request of individual employers or the group additional information necessary for the bureau to rule upon the application for group coverage. Failure or refusal of the group to provide the requested information on the forms or computer formats provided by the bureau shall be sufficient grounds for the bureau to reject the application and refuse the group's participation in group experience rating. Individual employers who are not included on both the final group roster and the individual employer application by the application deadline will not be considered for the group plan for that policy year; however, *the bureau may waive this requirement* for good cause shown due to clerical or administrative error, *so long as no employer is added to a group after the application deadline.* All rosters, computer formats or typewritten, must be submitted by the application deadline.

"(B) * * * For private employers, applications for group coverage shall be filed on or before December 31 of the year preceding the July 1 beginning date for the rating year.

"(C) An application for group rating is applicable to only one policy year. The group must reapply each year for group coverage. Continuation of a plan for subsequent years is subject to timely filing of an application on a yearly basis and the meeting of eligibility requirements each year; however, an individual employer member of a continuing group who initially satisfied the homogeneous requirement of rule 4123–17–61(B)(3) of the Administrative Code shall not be disqualified for participation in the continuing group for failure to continue to satisfy such requirement." (Emphasis added.)

The two employers missed the deadline for inclusion in the group rating program. Now demanding admittance, the employers cite the waiver language contained in Ohio Adm.Code 4123–17–62(A). That waiver, however, does not provide the relief that the employers seek. Again, the relevant provision reads:

"Individual employers who are not included on both the final group roster and the individual employer application by the application deadline will not be considered for the group plan for that policy year; however, the bureau may waive this requirement for good cause shown due to clerical or administrative error, *so long as no employer is added to a group after the application deadline.*" (Emphasis added.)

The bureau is permitted to waive the requirement that deals with the employer's dual inclusion on both the roster and application. This waiver allows the bureau, for good cause shown, to include an employer that was listed on only one of the required documents. It does not allow the bureau to waive the filing limitation and, in fact, expressly forbids it. The bureau did not, therefore, abuse its discretion in failing to permit the employers' belated entry into the rating group.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.