[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 298.]

THE STATE EX REL. CAPITOL MATERIALS COMPANY ET AL., APPELLANTS, V. OHIO BUREAU OF WORKERS' COMPENSATION, APPELLEE.

[Cite as *State ex rel. Capitol Materials Co. v. Bur. of Workers' Comp.*, 1997-Ohio-3.]

*Workers' compensation--Mandamus to compel Bureau of Workers' Compensation to waive application deadline for employer inclusion in group rating program--Writ denied, when--Ohio Adm.Code 4123-17-62(A), applied.*

(No. 95-595--Submitted February 18, 1997--Decided April 23, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD02-138.

————————————

{¶ 1} Appellants, Capitol Materials Company ("Capitol") and A&B Iron & Metal Company, Inc. ("A&B"), are corporations authorized to do business in Ohio and are fully amenable to Ohio workers' compensation laws. The exact relationship between the two companies is unclear, but they apparently are interrelated, sharing at least some personnel. One of these employees was Grace Caperna, who was solely responsible for administering the workers' compensation affairs of both employers. In October 1992, Caperna went on a three-month leave of absence. Rather than assign another employee to perform her duties or hire a temporary, the employers-appellants left the desk unstaffed, assuming that Caperna could catch up with her work when she returned in January.

{¶ 2} In 1992, both employers participated in the Ohio Chamber of Commerce Group Rating Program. The program allows individual employers to band together and be treated as a single employing entity for experience rating purposes. Ohio Adm. Code 4123-17-64(A). This combined rating, in turn, affects premium rates, with the expectation that the individual employers within the group

would experience lower premium payments. For example, for 1993, anticipated savings for Capitol and A&B were estimated at over $60,000.

{¶ 3} Pursuant to Ohio Adm. Code 4123-17-62, the group's participation in the program must be renewed annually. This, in turn, annually requires each employer to prepare an "Employer Statement for Group Rating Plan." These forms are submitted to the group representative who submits a single application on the group's behalf to appellee, Bureau of Workers' Compensation. For private employers, applications for group coverage must be filed with the bureau by December 31.

{¶ 4} The authorized representative for appellants' group was the Frank Gates Service Company ("Frank Gates"). On November 21, 1992, Frank Gates sent the following letter to both employers:

"We wish to thank you for your participation in the OHIO CHAMBER OF COMMERCE Group Rating Program. The newly published 1992 Ohio Chamber of Commerce Group Rates from the Bureau of Workers' Compensation (BWC) show that you will realize substantial savings in March and September, 1993, as a result of your 1992 Group participation! It is now time for you to sign up for the 1993 Program. It is mandatory that each employer sign a new 'Employer Statement for Group Rating Plan' (AC-26) each year.

"The professional staff of Frank Gates Service Company's Group Rating Department has completed its evaluation of your workers' compensation account. Based on your account standing with the BWC, your operations, claim history and our projected groupings, we estimate that the Group Rating Program will save you * * * for the rate year beginning July 1, 1993. Our projections are based on 100% participation. Your actual savings will depend on your future payroll, the number of participants in the Group and the total claims cost incurred through March 31, 1993, by it's [sic] members. Please note that your savings are based on the payroll reports you will file in January and July, 1994.

"* * *

"We have enclosed a summary of the Bureau of Workers' Compensation's Rules governing this program for your review. Your company must be in full compliance with all BWC group rating Rules in order for the BWC to accept you into the Group. Additionally, you must remain a member of the Ohio Chamber of Commerce and abide by it's [*sic*] rules.

"In order to apply for the 1993 Group, please complete, sign and mail the following items in the enclosed return envelope to the Frank Gates Service Company (please note: we must receive this information by December 9, 1992) * * *."

{¶ 5} Because the employers left their workers' compensation desk unstaffed, the letters were not discovered until January 4, 1993. By then, Frank Gates had turned in the group application -- due December 31, 1992 -- and because the two employers had not forwarded the appropriate documents, their names had been omitted from the group roster and application. On January 19, 1993, the employers submitted their individual application materials directly to the bureau. Participation, however, was denied.

{¶ 6} The two employers appealed their denial to the bureau's Adjudicating Committee. Their appeal was denied as follows:

"Ohio Administrative Code Rule 4123-17-62(A) requires a [*sic*] employer to submit to the Bureau an individual application for group rating and for that employer's name to appear on the final group roster by the application deadline.

"In this case, the application deadline for group rating was December 31, 1992. The employer did not submit to the Bureau the individual application until January 19, 1993, and the employer's name did not appear on the group's final roster, nor has the employer offered any extenuating circumstances to explain the omission. Therefore, this committee must apply the clear language of the rule and deny the employer's application into the group rating."

**{¶ 7}** The Ohio Workers' Compensation Board Subcommittee affirmed the order.

**{¶ 8}** Appellants filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the bureau abused its discretion in denying group participation. The appellate court disagreed and denied the writ.

**{¶ 9}** This cause is now before this court upon an appeal as of right.

_____

*Pickrel, Schaeffer & Ebeling Co., L.P.A., David C. Korte* and *Mary M. Biagioli,* for appellants.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

**{¶ 10}** Ohio Adm. Code 4123-17-62(A) through (C) read:

"(A) An application for group experience rating shall be made on a form provided by the bureau and shall be completed in its entirety with all documentation attached as required by the bureau. The absence of pertinent information will result in the application being rejected. The application shall be signed by an officer of the organization to which the members of the group belong, *and each individual employer in the group shall be identified in the application and shall individually sign a form provided by the bureau indicating a desire to be a part of the group for rating purposes and an acknowledgement of the criteria and rules for group rating*. The bureau may request of individual employers or the group additional information necessary for the bureau to rule upon the application for group coverage. Failure or refusal of the group to provide the requested information on the forms or computer formats provided by the bureau shall be sufficient grounds for the bureau to reject the application and refuse the group's participation in group experience rating. Individual employers who are not included on both the final

group roster and the individual employer application by the application deadline will not be considered for the group plan for that policy year; however, *the bureau may waive this requirement for good cause shown due to clerical or administrative error, so long as no employer is added to a group after the application deadline*. All rosters, computer formats or typewritten, must be submitted by the application deadline.

"(B)  * * * For private employers, applications for group coverage shall be filed on or before December 31 of the year preceding the July 1 beginning date for the rating year.

"(C)  An application for group rating is applicable to only one policy year. The group must reapply each year for group coverage.  Continuation of a plan for subsequent years is subject to timely filing of an application on a yearly basis and the meeting of eligibility requirements each year; however, an individual employer member of a continuing group who initially satisfied the homogenous requirement of rule 4123-17-61(B)(3) of the Administrative Code shall not be disqualified for participation in the continuing group for failure to continue to satisfy such requirement."  (Emphasis added.)

**{¶ 11}** The two employers missed the deadline for inclusion in the group rating program.  Now demanding admittance, the employers cite the waiver language contained in Ohio Adm. Code 4123-17-62(A).  That waiver, however, does not provide the relief that the employers seek.  Again, the relevant provision reads:

"Individual employers who are not included on both the final group roster and the individual employer application by the application deadline will not be considered for the group plan for that policy year; however, the bureau may waive this requirement for good cause shown due to clerical or administrative error, *so long as no employer is added to a group after the application deadline*."  (Emphasis added.)

**{¶ 12}** The bureau is permitted to waive the requirement that deals with the employer's dual inclusion on both the roster and application. This waiver allows the bureau, for good cause shown, to include an employer that was listed on only one of the required documents. It does not allow the bureau to waive the filing limitation and, in fact, expressly forbids it. The bureau did not, therefore, abuse its discretion in failing to permit the employers' belated entry into the rating group.

**{¶ 13}** Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____